TERRI F. LOVE, Judge.
| TAppeIlant, James Littles, appeals a March 2, 2005 ruling by the trial judge regarding disbursement of settlement funds arising from an automobile accident. For the reasons stated below, the appeal is dismissed.
RELEVANT FACTS AND PROCEDURAL HISTORY
Alex O. Lewis, III (“Attorney Lewis”) filed a lawsuit against Charles Fos, Melissa Fos and Progressive Insurance Company (collectively referred to as “Progressive”) as a result of an automobile accident in. which plaintiff, James Littles (“Mr.Lit-tles”), allegedly suffered injuries. On April 15, 2003, Mr. Littles filed a Motion to Remove Attorney Lewis as counsel of record because he decided to proceed pro se. The trial court signed the order.
On or about August 20, 2003, Elaine Conley (“Attorney Conley”) filed a Motion to Enroll as Counsel of Record for Mr. Littles. The trial court signed the order. On or about January 6, 2004, Attorney Conley, citing irreconcilable differences with Mr. Littles, filed a Motion to Withdraw as Counsel of Record for plaintiff. The trial court signed the order.
On the day of trial, February 4, 2004, Mr. Littles presented with Attorney Lewis as his counsel, who entered a verbal enrollment as counsel of record. The 12trial court granted the request. During the course of the trial, the parties reached a settlement agreement. All parties agreed to the settlement in open court and it was placed on the record.
Later a dispute arose between Mr. Lit-tles and Attorney Lewis regarding the settlement including, but not limited to, the amount of attorney’s fees due to Attorney Lewis. As a result, Attorney Lewis filed an “Ex Parte Motion allowing Plaintiffs Counsel to Execute Release, Receipt & *882 Indemnity Agreement and to Authorize Separate Checks.” During the same time, Mr. Littles filed a Motion to Dismiss Attorney’s Fees in proper person.[1] A hearing date was set and service was requested on Attorney Lewis only.[2]
A hearing was held on the attorney’s fees, but Attorney Lewis did not attend. The trial court ordered that Attorney Lewis was only entitled to one-third of medical recovery fees due to the International Brotherhood of Boilermakers[3] and Mr. Littles was awarded the full amount of the settlement and Attorney Lewis’ request for attorney’s fees was denied. The judgment was submitted and signed by the trial court on November 8, 2004. The trial court amended the judgment on December 20, 2004, for clarification to read that Progressive was to release any and all funds for attorney’s fees to Mr. Littles.[4] Mr. Littles contacted David Schexnaydre (“Attorney Schexnaydre”), Progressive’s counsel of record, to ask that the checks be forwarded directly to him, but Mr. Schex-naydre did not speak with him as he was represented by counsel.
| ¡(Thereafter, Progressive filed a Motion to Deem the Matter Concluded between itself, the insured, and Mr. Littles. The trial court granted the motion. In its Reasons for Judgment, the trial court stated that Progressive did not have “legal notice” of the attorney’s fees dispute because it was not served with either motion concerning the dispute. “Therefore, there was no reason for the defendants to refuse to release the settlement funds to the plaintiffs attorney, Mr. Lewis.” The trial court also recognized that Progressive “went to great measure to ensure that the funds were disbursed properly.” Progressive did not have notice that Attorney Lewis had “apparently absconded” with Mr. Littles’ funds. The trial court felt “sympathy” towards Mr. Littles. However, the trial court stated that Mr. Littles’ “issue and/or claims are seemingly against” Attorney Lewis and not Progressive or the insured. Therefore, the trial court concluded that Progressive had “fulfilled their obligations” in regards to disbursing the funds and deemed the matter concluded. The trial court signed the judgment on March 2, 2005.
It appears that Mr. Littles is appealing the March 2, 2005 judgment. He listed the following “Statement of Issues” in his brief: 1) whether the trial court abused its discretion by issuing the order authorizing Attorney Lewis to execute the Release, Receipt, and Indemnity Agreement and tó receive payment exceeding the interest of the Boilermakers; 2) whether Attorney Schexnaydre and Attorney Lewis’ filing motions to execute documents and receive payments constituted fraud; 3) whether the trial court clearly or plainly erred in the March 2, 2005, judgment; 4) whether the trial court committed manifest error in the March 2, 2005 judgment; and 5) whether or not the conduct of Attorney *883 Schexnaydre and Attorney Lewis constituted perjury.
14An appeal may be taken from a final judgment or from an interlocutory judgment, which causes irreparable injury. La. C.C.P. art 2083. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. The trial court’s March 2, 2005 judgment that Progressive had fulfilled its obligation by issuing checks to Mr. Littles and Attorney Lewis as counsel of record did not determine the merits of the action, and thus was an interlocutory judgment. Further, Mr. Littles failed to demonstrate irreparable injury by the ruling of the trial court. If Mr. Littles believes he is entitled to reimbursement for the attorney’s fees he may proceed against Attorney Lewis in a separate action. Therefore, we find that the matter is not properly before us on appeal because it is an interlocutory judgment and Mr. Littles has failed to make a showing of irreparable injury.
Mr. Littles also raised allegations of fraud and perjury against Attorney Lewis and Attorney Schexnaydre. The record does not support the allegations. Progressive, pursuant to an order of the court, issued separate checks made payable to Mr. Littles and Attorney Lewis respectively. Service was not requested or perfected on Progressive regarding the attorney’s fees dispute or the pleading alleging fraud against Attorney Lewis. As such, we find no merit in these arguments.
CONCLUSION
For the reasons stated above, Mr. Lit-tles’ appeal is dismissed.
APPEAL DISMISSED
MCKAY, J., concurs in the result.

. Mr. Littles had not filed a Motion to Remove and/or Withdraw Attorney Lewis as counsel of record.

. In the interim, Progressive submitted the settlement check and documents to Attorney Lewis.

. The Boilermakers Union paid Mr. Littles’ medical bills that resulted from the instant litigation.

.The judgment was amended as the Court was informed that the settlement checks, one in the name of Attorney Lewis representing his 40% for attorney's fees, and one in the name of Mr. Littles for the balance, had been previously released to Attorney Lewis as counsel of record and both checks had been cashed.